**E-FILED on** 10/12/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ANTHONY DANIEL GONZALES,

Petitioner,

v.

MATTHEW CATE, Secretary of California Department of Corrections and Rehabilitation,

Respondent.

No. C-08-03378 RMW

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING REQUEST FOR AN EVIDENTIARY HEARING, AND DENYING CERTIFICATE OF APPEALABILITY

**[Re Docket Nos. 1, 15]**

Anthony Daniel Gonzales petitions for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the petition for writ of habeas corpus is denied. Petitioner also moves or an evidentiary hearing, or, in the alternative, oral argument. For the reasons set forth below, the motion for an evidentiary hearing or oral agument is also denied.

## I. BACKGROUND

On May 22, 2004, petitioner fatally stabbed David Quiroz at a birthday party. According to the testimony of witnesses, petitioner became involved in an altercation with the party's host and was asked to leave the party. Petitioner refused to leave. Rep. Tr. vol. 5, 585, 632-633. A fight involving petitioner, David Quiroz, and Moses Escamilla broke out in the driveway. Rep. Tr. vol. 4,



United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

509-510, 534-535. Witnesses testified that shortly after the fight began, they saw Quiroz collapse into the bushes in the face of petitioner's attack. Rep. Tr. vol. 4, 509-510, 534-535; vol. 5, 642. The fight ended when several guests were able to restrain petitioner. Rep. Tr. vol. 4, 513, 518. By this time, Quiroz was limp and nonresponsive, Rep. Tr. vol. 4, 519-520, and he died at the scene shortly after the arrival of paramedics. Rep. Tr. vol. 4, 281, 560. The forensic pathologist testified that Quiroz suffered eight stab wounds, three of which were potentially fatal. Rep. Tr. vol. 3, 238, 240, 246. These wounds were all three-and-a-half inches deep, the full length of the knife blade. Rep. Tr. vol. 3, 240-241; 244-245; 246. The pathologist testified that the wounds were "stabbing wounds" that were deeper than they were wide or long, and that there were no wounds consist with waving a knife back and forth. Rep. Tr. vol. 3, 248-49. The pathologist also testified that Quiroz had injuries consistent with being punched, but no injuries consistent with having punched anyone else, and that Quiroz's blood alcohol level of 0.22 would have made it difficult for Quiroz to defend himself or have much coordination. Rep. Tr. vol. 3, 225; 230-231; 250.

Petitioner testified that when he tried to leave the party, a group led by Quiroz attacked and punched him. Rep. Tr. vol. 7, 977. Petitioner testified that he feared for his life, and that he pulled a knife out of his pocket, flicked it open with his thumb, and began swinging it back and forth to force his attackers back. Rep. Tr. vol. 7, 979-80, 1051. He testified that he felt that he "did get somebody a couple time" with the knife as he was swinging it, but that the knife was almost immediately knocked from his hand. Rep. Tr. vol. 7, 980. Petitioner acknowledged that he had lied to the police after he was arrested when he told them that Quiroz pulled the knife on him and attempted to stab him, and that petitioner took the knife from Quiroz and swung it at him in self defense. Rep. Tr. vol. 7, 988, 1101. Petitioner testified that he did not know how Quiroz ended up with eight stab wounds, including two wounds to the back of the head. Rep. Tr. vol. 7, 1077-78.

Petitioner was convicted in Santa Clara County Superior Court of second degree murder with an enhancement for use of a deadly and dangerous weapon. On September 9, 2005, petitioner was sentenced to sixteen years to life in state prison. Petitioner filed a notice of appeal on September 23, 2005. On December 20, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal in conjunction with his appeal. On May 23, 2007, the California Court of Appeal

affirmed petitioner's conviction and denied petitioner's habeas petition. The California Supreme Court denied review of petitioner's appeal on August 13, 2008, and denied review of petitioner's habeas petition on September 4, 2008. The instant petition for habeas corpus was filed in this court on July 14, 2008.

## II. ANALYSIS

### A. Legal Standard

A court may grant a petition for writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). The court may grant the writ only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For a state court's decision to be contrary to clearly established federal law, it must apply a rule that contradicts the governing law set forth in Supreme Court cases, or confront a set of facts that are materially indistinguishable from a Court decision and nevertheless arrive at a different result from Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The court cannot grant a habeas petition as being an "unreasonable application" of federal law merely because, in its opinion, the law was incorrectly applied in a case. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Rather, the state court's application of federal law must be "objectively unreasonable" in order to justify granting the petition. *Id.* The review of state court decisions is highly deferential, and state court decisions should be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

AEDPA also restricts the district court's discretion to grant an evidentiary hearing. *Baja v. Ducharme*, 187 F.3d 1075, 1077 (9th Cir. 1999). The statue provides that "if the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an

evidentiary hearing on the claims" unless the applicant shows that the claim relies on a new rule of constitutional law previously unavailable or a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2). The facts underlying the claim would also need to "be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* "If the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

**B. Petitioner's Claims**

Petitioner raises three claims of ineffective assistance of counsel. He contends that trial counsel was constitutionally ineffective (1) by not asking petitioner to demonstrate one-handed operation of the knife or retaining an expert witness to testify about the operation of the knife and demonstrate operation for the jury, (2) by not challenging the court's decision to submit the knife to the jury in sealed plastic, and (3) by choosing to respond in her closing argument to the prosecution's incorrect statement about the knife, rather than objecting to the statement.

In order to establish that counsel was ineffective, petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 695-96 (1984). In determining whether performance fell below an objective standard of reasonableness, the reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Strategic decisions by counsel are "virtually unchallengeable." *Id.* at 690. A reasonable probability the result of the proceeding would have been different is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Petitioner must affirmatively prove prejudice. *Id.* at 693.

The state court's rejection of petitioner's claims was not an unreasonable application of *Strickland*. Petitioner argues that defense counsel should have taken additional steps to inform the jury about how the knife worked, because he asserts that whether he opened the knife with one or two hands

was central to his claim of self defense. But because petitioner testified that the knife could be opened with one hand, the evidence necessary to explain the operation of the knife was before the jury. Rep. Tr. vol. 7, 1094-95. The prosecution did not offer any evidence that the knife was necessarily operated with two hands. The operation of a thumb stud to open a knife was not outside the capability of the average juror to understand and did not require expert testimony. Counsel was not objectively unreasonable in failing to obtain additional testimony regarding the operation of the knife.

Counsel was also not objectively unreasonable in failing to object to the judge's decision to provide the knife–contaminated with potentially harmful biological matter–in protective packaging to the jury. Control of whether and how items in evidence are presented to the jury falls within the sound discretion of the trial court. *See People v. Walker*, 150 Cal. App. 2d 594, 603 (1957). In light of the evidence presented at trial and given the court's strong interest in protecting the evidence as well as the jurors from injury, an objection would have been futile.

Finally, counsel was not objectively unreasonable in choosing to correct the statement of the prosecutor in closing argument that "you have to take two hands to open" the knife and that it was impossible that petitioner "did as he described it was, grabbing on to someone and he's bent over a bush being beaten up and he's able to pull that knife out of his pocket and open it with one hand and then do the stabbing. That's a lie. The truth is that he would have had to have taken that knife out and open it up in preparation." Rep. Tr. vol. 9, 1508-09. Trial counsel heard the challenged comment, was aware that it was not based on the evidence, and addressed the misstatement of fact in her closing argument. Rep. Tr. vol. 10, 1552. Her decision to address the comment in her own argument, rather than objecting, was a tactical decision based on a complete awareness of all the relevant facts and applicable law. It was not objectively unreasonable.

Petitioner contends that an evidentiary hearing is necessary because a factual dispute exists as to whether he was denied effective assistance of counsel based on the failure of counsel to introduce testimony by an expert witnesses regarding the likelihood that petitioner could have opened the knife with one hand. Petitioner is not entitled to an evidentiary hearing regarding the proposed expert testimony because petitioner has not demonstrated that such testimony would establish that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense.

**United States District Court**
For the Northern District of California

Petitioner has also failed to show that his claims rely on a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2).

## III. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (effective December 1, 2009). For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is denied.

## IV. ORDER

For the foregoing reasons, the petition for writ of habeas corpus is denied, the request for an evidentiary hearing is denied and a certificate of appealability will not be issued.

DATED: 10/12/2011

Ronald M. Whyte

RONALD M. WHYTE
United States District Judge